IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanley D. Linder, #137337,                              ) | C/A No.: 2:15-4619-RMG-SVH |
|                                                           ) | |
|                        Plaintiff,                               ) | |
|                                                           ) | |
| vs.                                                                        ) | |
|                                                           ) | REPORT AND RECOMMENDATION |
| Isaac McDuffy Stone, III, District Atty.;       ) | |
| Harris Beach, Attorney; Sean Thornton,          ) | |
| Solicitor; and Patricia C. Grant, Clerk of      ) | |
| Court,                                                                  ) | |
|                                                           ) | |
|                        Defendants.                        ) | |

Stanley D. Linder ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Wateree Correctional Institution. Plaintiff filed this action against Attorneys Isaac McDuffy Stone, III ("Stone"), Harris Beach ("Beach"), and Sean Thornton ("Thornton"), and Clerk of Court Patricia C. Grant ("Grant") (collectively "Defendants"), alleging a violation of his constitutional rights. This matter is construed as brought pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

Plaintiff alleges his daughter accused him of criminal sexual conduct ("CSC") because she was upset Plaintiff disciplined her for sneaking drug addicts into the house. [ECF No. 1 at 3]. Plaintiff argues there was no evidence to prove he committed CSC and alleges Stone and Thornton fabricated indictments that were "not certified stamped true bill." *Id*. Plaintiff argues Thornton and Beach coerced him to plead guilty to crimes they cannot prove he committed. *Id.* Plaintiff alleges Beach provided him with ineffective representation when Beach destroyed evidence, allowed the state to withhold evidence, helped convict Plaintiff, visited Plaintiff only four times in thirteen months, and did not appeal Plaintiff's conviction. *Id.* at 5. Plaintiff argues Thornton maliciously prosecuted him when Thornton did not give discovery to Plaintiff's counsel and refiled charges against him when Plaintiff assisted other inmates. *Id.* Plaintiff claims Stone "agreed to all violations of the criminal defense and signed all documents." *Id.* Plaintiff argues Defendants violated his federal and state constitutional rights and willfully discriminated against him. *Id.* at 4. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 6.

II.  Discussion

   A.   Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28

U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. Insufficient Factual Allegations (Grant)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a

plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint provides no factual allegations regarding Grant. Accordingly, this defendant is entitled to summary dismissal from the action.

        2.        Prosecutorial Immunity (Stone and Thornton)

Plaintiff sues Stone and Thornton for actions associated with the prosecution of his state criminal charges. [ECF No. 1 at 3–5]. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims against Stone and Thornton are barred by prosecutorial immunity, the undersigned recommends they be summarily dismissed from this case.

        3.        No State Action (Beach)

Plaintiff alleges Beach failed to render effective legal representation during his criminal proceedings. [ECF No. 1 at 3, 5]. A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–9, 12–14 (1981). As the performance of traditional legal functions

does not constitute state action under § 1983, Beach is entitled to summary dismissal from this case.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

December 1, 2015                                         Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).